IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) AGHORN OPERATING, INC., et al. | NO. 7:22-CR-00049-DC |

**UNITED STATES' OPPOSITION TO DEFENDANTS' SECOND MOTION FOR BILL OF PARTICULARS TO IDENTIFY KNOWN CO-CONSPIRATORS**

**I.  INTRODUCTION**

On April 5, 2024, the Defendants Aghorn Operating, Inc. ("Aghorn"), Kodiak Roustabout, Inc. ("Kodiak"), and Trent Day (together the "Defendants") filed a Motion for a Bill of Particulars seeking the identity of unindicted co-conspirators described in Count 10 of the Superseding Indictment. (ECF No. 91). The Court should deny this Motion because the Superseding Indictment contains and tracks the elements of a conspiracy charge; fairly informs Defendants of the conduct against which they must defend; and allows Defendants to plead Double Jeopardy if needed.

The Superseding Indictment, standing alone enables Defendants to prepare for trial in a manner that will prevent them from suffering actual surprise at trial. Furthermore, the companies' own files, discovery from the government, and information in the government's filings contain the information that fulfill Defendants' request.

**II.  BACKGROUND**

The Grand Jury returned a ten-count superseding indictment against Aghorn, Kodiak, and Trent Day on March 6, 2024. Counts One and Two charge Aghorn and Day with violations of

the Clean Air Act's ("CAA") General Duty Clause and knowing endangerment provision, respectively. Counts Three through Five allege that Aghorn violated three different worker safety provisions under the Occupational Safety and Health Act ("OSH Act"). Counts Six and Seven charge Aghorn and Day with obstructing a proceeding of the Occupational Safety and Health Administration ("OSHA"). Count Eight charges all defendants with a violation of the Safe Drinking Water Act and Count Nine charges all defendants with making false statements.

Count Ten of the Superseding Indictment, the only new count, charges that the Defendants conspired[1] over the course of fifteen-years to: 1) continue to release hydrogen sulfide from Aghorn facilities in violation of their CAA general duty, as owners and operators of stationary sources, to design and maintain safe facilities, to take such steps as are necessary to prevent releases, and to minimize the consequences of accidental releases; 2) to fail to evaluate the mechanical integrity of injection wells by failing to conduct pressure tests as required by state law and the Safe Drinking Water Act; and 3) to willfully make materially false, fictitious, and fraudulent statements and representations about mechanical integrity tests and to make and use false documents to disguise the failure to conduct such tests in a matter within the jurisdiction of the Environmental Protection Agency (EPA) in Violation of Title 18, United States Code, Section 1001. Superseding Indictment ¶ 65(1)-(3). The object of the alleged conspiracy was to unjustly enrich the Defendants by maximizing the production of oil and profits while avoiding the cost to comply with environmental and safety laws. Id. ¶ 66. Count Ten also

---

[1] "To prove a conspiracy in violation of 18 U.S.C. § 371, the government must establish three elements beyond a reasonable doubt: (1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more members of the conspiracy in furtherance of the objective of the conspiracy." United States v. Holmes, 406 F.3d 337, 351 (5th Cir. 2005) (citing, e.g., United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001)).

describes the Means and Methods by which the conspirators implemented the charged scheme, id. ¶¶ 67-72, and contains ten overt acts. Id. ¶ 73. Overt Acts 1-4 and 7-8 generally describe the scheme among Defendants, Co-conspirator 1, Co-conspirator 2, and Co-conspirator 4, to create false pressure tests and submit those false tests to the Texas Railroad Commission (RRC). Overt Act 5 describes the plan with Co-conspirator 1, and other unidentified co-conspirators, to vent H2S rather than flare the gas at the Foster D Tank Battery. Overt Act 6 reflects a discussion between Defendant Day and Co-conspirator 1 to the effect that the H2S monitors at the Foster C lease did not need to be maintained. Overt Act 9 details six releases of H2S gas at Aghorn's J.E. Bagley lease that occurred from 2018 to August 2021, after the RRC warned Aghorn to stop releasing H2S from the facility. Overt Act 10 describes forty-five releases of H2S at various Aghorn facilities, thirty of which occurred after the Dean fatalities.

In their motion, the Defendants seek the identity of the three co-conspirators discussed in Overt Acts 1-6 and 7-8. Defs.' Mot. at 1.

### III. ARGUMENT

A bill of particulars is not required here. The Superseding Indictment sufficiently apprises the Defendants of the elements and the "speaking" portion of the Superseding Indictment supplies extensive background detail. The Defendants are improperly using their motion as a discovery tool when they already possess sufficient information to avoid any prejudicial surprises at trial concerning the identity of the unnamed co-conspirators.

A. Legal Overview

As the government detailed in its response to the Defendant's first motion for a bill of particulars, the Court only abuses its discretion to deny a bill of particulars when that decision "results in actual surprise at trial and prejudice to a defendant's substantial rights." See Fed. R.

Crim. P. 7(f); United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987) (citing United States v. Vesich, 726 F.2d 168, 169 (5th Cir. 1984)). In considering whether to grant a bill of particulars, courts are careful not to infringe on the government's evidence, witnesses, and theory of its case. United States v. Bethany, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020) (citing United States v. Campbell, 710 F. Supp. 641, 642 (N.D. Tex. 1989)).

A bill of particulars is unnecessary where the government has provided the information in another satisfactory form, such as through discovery. See United States v. Kirkham, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that "voluminous discovery" provided by government "obviated the need for a bill of particulars"). Granting a "request for a bill of particulars is not appropriate when the information sought has been made available to the Defendants through discovery, as access to this information eliminates surprise at trial." United States v. Villalobos-Alcala, DR-13-CR-217, 2014 WL 12677689, at *3 (W.D. Tex. June 16, 2014) (citing Demetree v. United States, 207 F.3d 892, 894-95 (5th Cir. 1953)). See also United States v. Vaughn, 722 F.3d 918, 927 (7th Cir. 2013) ("a bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery.") (internal quotations omitted); Campbell, 710 F. Supp. at 642 ("the breadth of the government's pretrial disclosures is relevant to the disposition" of a motion for a bill of particulars).

"[I]n our adversarial system, it is incumbent on the defense to review the discovery… to determine its significance; it is not the role of the government to tell the defense everything that is important and why." United States v. Ray, 20-cr-110, 2021 WL 3168250, at *9 (S.D.N.Y. July 27, 2021).

    B. The Detail in the Superseding Indictment and Count Ten Warrant Denial of the Defendants' Motion

An indictment need only: 1) contain the elements of the charged offense, 2) fairly inform

a defendant of the charges against him/it, and 3) allow a defendant to plead Double Jeopardy in defense to a subsequent charge based on the same conduct. See, e.g., United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006). "Courts routinely deny motions for bills of particulars where… the charging document is a speaking indictment." United States v. Cordones, 11-cr-205, 2022 WL 815229, at *8 (S.D.N.Y. Mar. 17, 2022).

The Superseding Indictment, a speaking document, is very detailed. (ECF No. 86). Count Ten contains the elements of the charged offense (tracking the words of the statute, 18 U.S.C. § 371, and applicable case law), fairly informs the Defendants of the object of the conspiracy, the laws they are alleged to have violated, details the manners and means, and identifies the overt acts committed in furtherance of the conspiracy. This level of detail is sufficient to allow each Defendant to plead Double Jeopardy if needed and prepare their defense. That is sufficient at this stage. Harms, 442 F.3d at 372; Cordones, 11-cr-205, 2022 WL 815229, at *8. For this reason alone, the Court should deny the Defendants' motion.

C. The Fifth Circuit and District Courts Within the Circuit Have Repeatedly Ruled that A Bill of Particulars is Unnecessary When Discovery is Provided and Defendants Receive a Witness List Identifying Co-Conspirators

The Defendants' motion relies on the false assertion that the identities of the co-conspirators have not been disclosed to them. In truth, the identities of these people have been disclosed to the Defendants through discovery or those identities are available to them through a review of the corporations' records.[2] Because sufficient information is available to the Defendants, the Court should deny the Defendants' Second Motion for Bill of Particulars. See, e.g., United States v. Rogers, 617 F. Supp. 1024, 1026 (D. Colo. 1985) (quoting United States v.

---

[2] The government is aware of the corporate defendants' current IT issues but assumes those issues will be resolved before trial.

5

Lavin, 504 F. Supp. 1356, 1361 (N.D. Ill. 1981) ("certain factors, including… the clarity of the indictment and the degree of discovery available to the defendant without the bill are relevant to this issue.").

Courts within the Fifth Circuit have repeatedly ruled that a defendant is not necessarily due a bill of particulars identifying unnamed co-conspirators at the time of the defendant's choosing. See, e.g., Hughes, 817 F.3d at 272 (failure to notify defendant of a co-conspirator's identity before trial is not "per se prejudicial surprise to a defendant.")[3]; United States v. Hagen, 3:19-cr-0146, 2020 WL 1929848 (N.D. Tex Apr. 21, 2020) (denying motion for bill of particulars regarding identity of co-conspirators where government would disclose witness list twenty days before trial). The very latest the Defendants will be informed of the identity of the co-conspirators identified in the Indictment is when they receive the witness list and notice at that time does not amount to actual prejudice. Hagen, 3:19-cr-0146, 2020 WL 1929848 (N.D. Tex Apr. 21, 2020) (denying motion for bill of particulars regarding identity of co-conspirators where government would disclose witness list twenty days before trial). This conclusion is made even stronger because the Defendants have not explained why they refuse to find the answers to their questions in the discovery provided to them or in their own files.

D. In *United States v. W.R. Grace*, a Montana District Court Denied a Similar Request for a Bill of Particulars

As the government discussed in its reply to the Defendants' first motion for a bill of particulars, United States v. W.R. Grace is persuasive here. Govts' Opp'n. at 8-10 (discussing Grace, 401 F. Supp. 2d 1103, 1107-12, 1119), (ECF No. 71). Count I of the Grace indictment alleged that over an approximate twenty-six-year period the defendants engaged in a conspiracy

---

[3] Hughes expressly rejected the reasoning of U.S. v. Rodgers, 617 F. Supp. 1024, 1028 (D. Colo. 1985), upon which the Defendants' motion relies.

6

to violate the CAA and defraud the EPA (in its role overseeing the Toxic Substances Control Act). Indictment, Count I (Doc. 1) United States v. W.R. Grace, CR 05-07-M (D. Mont. Feb. 7, 2005). The defendants there requested particulars related to, among other things, the identification of all co-conspirators and any unnamed Grace employees involved in the criminal conduct. Id. at 1119. Despite the twenty-six-year span, more than 100 overt acts, and the locus of the charge being "Libby [,Montana] and other locations within and without the District of Montana," the judge had little trouble denying the Grace defendants' motion for a bill of particulars. Id.

Defendants here claim that the government should identify for them the three Aghorn and/or Kodiak employees with whom they conspired to falsify pressure tests in or about 2009, 2010, and 2018. (Defs.' Mot. at , ECF No. 90). However, they do not represent why they cannot already identify those co-conspirators using the information in the Superseding Indictment, the discovery, or their own files.

The judge in Grace rejected the defendants' request for identification of "unnamed co-conspirators, any Grace employees, and unnamed others… referenced throughout the Indictment," stating: "[t]he government has identified the theory of the prosecution and provided all information it will use in its effort to prove its case. The Defendants have what they need to construct a defense and are shielded from the risk of surprise." Id. at 1119. The judge added that the "Indictment, combined with the government's significant pretrial disclosure of discovery and witness and exhibit lists" adequately allowed the defendants to prepare a defense, avoid surprise at trial, and plead Double Jeopardy if needed, noting that the defendants were entitled to "nothing more" at that stage. Id.

Defendants here have been similarly apprised of who the government's witnesses might

7

be through the information contained in the Superseding Indictment, discovery, the government's filings, as well as information otherwise available to them. It follows that they do not require any extra information to avoid "surprise at trial" and their request for particulars must be denied. See United States v. Hughes, 817 F.2d at 272 (citing United States v. Vesich, 726 F.2d 168, 169 (5th Cir. 1984)).

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Second Motion for Bill of Particulars to Identify Known Co-Conspirators.

    Respectfully submitted,

    TODD KIM
    ASSISTANT ATTORNEY GENERAL
    ENVIRONMENT and NATURAL RESOURCES DIVISION

    By: /s/ Christopher J. Costantini
    CHRISTOPHER J. COSTANTINI
    Senior Trial Attorney
    Pennsylvania Bar No. 64146
    Environmental Crimes Section
    Environment & Natural Resources Division
    4 Constitution Square
    150 M Street, NE, Suite 4.212
    Washington, DC 20044

    By: /s/ Mark T. Romley
    MARK T. ROMLEY
    Trial Attorney
    California Bar No. 240655
    Environmental Crimes Section
    Environment & Natural Resources Division
    999 18th Street, Suite 370, South Terrace
    Denver, CO 80202

**Certificate of Service**

I certify that on April 22, 2024, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel of record.

By: /s/ Mark T. Romley<br>
MARK T. ROMLEY