IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> AGHORN OPERATING, INC., et al. | NO. 7:22-CR-00049-DC |

**DEFENDANTS' REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION (DOC. 98) TO DEFENDANTS' SECOND MOTION FOR BILL OF PARTICULARS (DOC. 91)**

1.  In Count Ten of the superseding indictment filed March 6, 2024 (ECF No. 86), the government added a broad-ranging conspiracy to violate three federal statutes over a span of 15 years with "known" but unidentified so-conspirators. (ECF No. 86, at 15-25)  Defendants have moved for a bill of particulars identifying the known co-conspirators involved in that alleged conspiracy.  (ECF No. 91)

In its response (ECF No. 98), the government opposes the motion for essentially two reasons.  First, the government argues that the superseding indictment is, standing alone, sufficiently detailed to provide defendants with the information requested in their motion.  Second, the government argues that the requested information is available to defendants through the discovery provided and through their own records, and will also be apparent to defendants when the government files its trial witness list.  These arguments are without merit, as explained below.

2. As an initial matter, to the extent the government relies on appellate-level cases affirming a district court's denial of a bill of particulars, those cases are of limited utility in informing a district court's discretionary decision to grant a bill of particulars before trial. In those appellate cases, the appellate courts – with the considerable benefits of hindsight and a fully developed record – can usually tell relatively easily whether the absence of a bill of particulars was prejudicial to the defendant under consideration. But, at the district court level, it is usually a far more difficult task to show, in advance of trial, that the denial of a bill of particulars will prejudice the defendant. That is why Federal Rule of Criminal Procedure 7(f), since its 1966 amendment, "requires that the defendant be given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979) (citation omitted). Put another way, when it comes to bills of particulars, at least at the trial court level, "the better practice is to exercise the court's discretion in favor of granting defendants more, not less, information with which to prepare for trial." *United States v. Cole*, No. CR 87-L-14, 1987 WL 16357, at *8 (D. Neb. May 20, 1987).[1]

---

[1] Furthermore, whereas the appellate remedy for the erroneous denial of a bill of particulars is usually a reversal and remand for a costly retrial, there is far less cost associated with the granting of a bill of particulars at the district-court level. Moreover, to the extent the government is concerned that a bill of particulars may "freeze" its case, a district court may always permit the government to amend its bill of particulars. *See, e.g., Thevis*, 474 F. Supp. at 123.

**The Government's First Response: The Superseding is Sufficient**

3.     The government first claims that, because Count Ten is a "speaking" indictment, with an "object," and "manner and means," and "overt acts," then nothing more is required. (ECF No. 98, at 4-5) This argument is tantamount to saying that whenever the elements of a conspiracy are alleged in the indictment, it is never appropriate to grant a bill of particulars identifying known co-conspirators. Such an argument, however, flies in the face of considerable authority from the Fifth Circuit and district courts opining that this is an appropriate, and indeed perhaps paradigmatic, use of a bill of particulars. (ECF No. 91, at 4-5) (citing authorities)[2]

**The Government's Second Argument: The Defense Can Figure It Out – Or Will Know Soon Enough**

4.     The government next asserts that a bill of particulars should not be ordered because defendants can figure out the identity of the co-conspirators from discovery, or their own records, or if not, from a witness list two weeks before trial.

We start with the obvious: *nothing* in the discovery identifies any person as a "co-conspirator" – a complex legal determination involving the application of often controverted facts, some of which may not be in the discovery. And no person has

---

[2] This case is even more compelling than the authorities cited in ECF 91 at 4-5. Count Ten here alleges that defendants acted with "Co-Conspirator 1," "Co-Conspirator 2," "Co-Conspirator 4," and other "known" co-conspirators not identified in any way at all. Moreover, many of the overt acts are extremely broad, for example, that the defendants and "co-conspirators" released H2S gas "at various times" over 15 years at the Cowden I and Gist et al Leases (Overt Acts 10a and 10b) or over six years at the Foster D (Overt Act 5).

3

pleaded guilty or otherwise been identified as a co-conspirator. Especially given the breadth of the conspiracy charged in Count Ten, it is simply guesswork to try to figure out whom the government may consider to be a co-conspirator.[3]

Furthermore, the discovery in this case is voluminous – some 200,000 pages. And "'the Government does not necessarily fulfill its obligation of providing fair notice of the charges "merely by providing mountains of documents to defense counsel."'" *United States v. McQuarrie*, Criminal No.: 16-cr-20499, 2018 WL 372702, at *5 (E.D. Mich. Jan. 11, 2018) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987); further citation omitted). To the contrary,

> ***overdisclosure*** by the Government can necessitate a bill of particulars. And that assertion is unremarkable. A defendant may be denied notice of the charges both when information is actively concealed and when the relevant information is provided in a manner reminiscent of the proverbial needle in the haystack.

*McQuarrie*, 2018 WL 372202, at *6 (emphasis in original; internal citations omitted).

5. The government is also off-base when it relegates defendants to simply guessing whom the government considers to be a co-conspirator based upon defendants' own knowledge and records. As the court in *McQuarrie* persuasively explained:

---

[3] This is true even for the unnamed co-conspirators identified simply as "Co-Conspirator 1," Co-Conspirator 2," and "Co-Conspirator 4." (ECF No. 86, at 21-22) (The government's numbering suggests that there may be a "Co-Conspirator 3," but we have no information sufficient even to attempt a guess about who that might be or what his or her role might be.)

4

> [T]he Government cannot defend against a motion for a bill of particulars by asserting that the defendant knows what he did, and has all the information necessary. That argument presumes that the defendant is guilty. Because the Constitution requires that the defendant be presumed innocent, the defendant should also be presumed ignorant of the factual basis for the charges.

*Id.* at *5 (cleaned up; internal citations omitted); *see also id.* at *6 (reiterating this point).

6. Additionally, the Fifth Circuit has never held that the need for a bill of particulars identifying known co-conspirators is obviated by the fact that the government must file a trial witness list before trial.[4] And sensibly so, since such an argument has numerous flaws. First, there is no guarantee that the witness list will include all alleged conspirators, because the government need not call them all as witnesses. This is especially true because the government may elect to bring in non-testifying co-conspirators' statements via the exception to hearsay contained in Fed. R. Evid. 801(d)(2)(E).[5] And even as to the persons actually listed on the witness list, it is doubtful that the list will specifically identify those persons as co-conspirators.

Even more critically, the relatively short time between the time the witness list is required to be filed and the start of trial means that defendants will be deprived

---

[4] For this proposition, the government cites only a single district-court opinion from the Northern District of Texas. (ECF No. 98, at 6)

[5] In addition, parties are generally not required to list witnesses who will be used solely for impeachment purposes.

5

of adequate time to conduct the investigation necessary to an adequate defense. In order to provide effective assistance of counsel, "an attorney must[,] . . . 'at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the case.'" *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (quoting *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)). To investigate 15 years' worth of potential co-conspirators and to analyze their conduct and statements will take far longer than the few days between the filing of a witness list and the start of trial. And, again, that does not account for co-conspirators who are not on the witness list.

7. Indeed, we are at a loss as to why the government so adamantly opposes naming the persons it believes to be co-conspirators in this case – other than to cause surprise. "The government has not indicated any potential harm that could come about by disclosing the requested information." *Cole*, 1997 WL 16357, at *8 (citation omitted) (ordering bill of particulars naming known co-conspirators). And, defendants have explained why the requested bill of particulars is necessary to obviate surprise at trial and to enable them to prepare their defense with full knowledge of the charges against them, both in their original motion (ECF No. 91, at 5-6) and above. Under these circumstances, justice will be served by granting defendants' motion.

*   *   *   *

For all these reasons, as well as those in defendants' original motion on this subject, this Court should order the government to file a bill of particulars identifying the known alleged co-conspirators in this case.

Respectfully submitted,

By: /s/Daniel Hurley
Daniel Hurley, Bar No. 10310200
HURLEY, GUINN, SINGH & VONGONTEN
1805 13th Street
Lubbock, Texas 79401
Tel: (806) 771-0700
Fax: (806) 763-8199
E-mail: dwh@hurleyguinn.com

/s/Brian Carney
Brian Carney
Attorney at Law
1202 W. Texas Ave.
Midland, TX 79701
(432) 686-8300
Fax: (432) 686-1949
Email: Brian@carneylawfirm.net

/s/Frank Sellers
Frank Sellers
SELLERS LAW FIRM, PC
1612 Summit Avenue, Suite 200
Fort Worth, TX 76102
817-928-4222
Fax: 817-385-6715
Email: frank@sellerstriallaw.com

**ATTORNEYS FOR TRENT DAY**

/s/ David Gerger
David Gerger, Texas Bar No. 07816360
dgerger@ghmfirm.com
Matt Hennessy, Texas Bar No. 00787677
mhennessy@ghmfirm.com
GERGER HENNESSY & MARTIN LLP
700 Louisiana, Suite 2300
Houston, Texas 77002
713.224.4400 – Telephone
713.224.5153 – Fax

s/ Marla Thompson Poirot
Marla Thompson Poirot, Tx Bar No. 00794736
marla@poirotlaw.com
THE POIROT LAW FIRM, PLLC
PO Box 25246
Houston, Texas 77265
713.816.1660 – Telephone

**ATTORNEYS FOR AGHORN OPERATING INC.**

/s/Darrell Corzine
Darrell Corzine
KELLY MORGAN CORZINE & HANSEN, PC
P.O. Box 1311
Odessa, TX 79760
(432) 367-7271
Fax: 432/363-9121
Email: dcorzine@kmdfirm.com

**ATTORNEY FOR KODIAK ROUSTABOUT, INC.**

## CERTIFICATE OF SERVICE

I filed this pleading in the Court's electronic filing system which sends notice to all parties.

/s/ David Gerger
David Gerger
